IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SYCAMORE BANK, f/k/a Senatobia
Bank,                                                                                              PLAINTIFF,

VS.                                                                    CIVIL ACTION NO. 2:06CV140-P-A

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
ET AL.,                                                                                            DEFENDANTS.

MEMORANDUM OPINION

These matters come before the court upon Defendant United States of America, Internal Revenue Service's Motion for Summary Judgment [42-1], Defendant Mississippi State Tax Commission's joinder therein [46-1], and the plaintiff's cross Motion for Summary Judgment [44-1]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

Given they are undisputed, the following facts are drawn heavily from the Stipulated Facts filed by the plaintiff and the remaining defendants: United States of America, Internal Revenue Service, Mississippi Transportation Commission, and the Mississippi State Tax Commission.[1]

---

[1] The original defendants in this lawsuit include: Winston King and Shirley King against whom the Clerk entered default on January 11, 2007; Bost Used Cars, Inc., who has made no appearance in this action; Lineberry Properties, Inc., who was dismissed upon stipulation on January 8, 2007; the United States of America, Internal Revenue Service; the Mississippi State Tax Commission; Sue Spier as the Tate County, Mississippi Tax Collector who on November 21, 2006 filed a notice of waiver of all rights to the subject eminent domain proceeds; DER Properties, Inc. who was dismissed upon stipulation on January 3, 2007; and the Mississippi Transportation Commission. In any event, it is stipulated that "All parties other than the Bank, the Internal Revenue Service, and the Mississippi State Tax Commission have waived their claims" to the subject eminent domain proceeds. Stipulation of Facts, ¶ 17.

1

Sycamore Bank ("the Bank"), the plaintiff in this case, was formerly known as Senatobia Bank. Between 1995 and 1998, Winston and Shirley King executed three Deeds of Trust to Sycamore Bank for an approximate total of $231, 944.03 secured by the King's 3.22 acres of land located in the Town of Coldwater in Tate County, Mississippi. H. Kirk Moore, Jr. was named as Trustee for all three Deeds of Trust.

In 2001 the Kings filed for relief in the United States Bankruptcy Court for the Northern District of Mississippi. The court entered an Agreed Order on October 17, 2001 removing the automatic stay as to the King's 3.22 acres and restructured their debt to the Bank into one consolidated debt. The debt was then brought current by the Kings.

On February 12, 2003 the Mississippi Department of Transportation ("MDOT") offered to purchase 0.513 acres of the 3.22 acre King property for purposes of a highway widening project. The fair market value offer for the 0.513 acre tract, building, and parking lot was $143,500.00. The offer was made known to the Bank as first lien holder.

After discussions with MDOT and the Kings, the Bank agreed to execute a release of the 0.513 acre parcel in order for the Kings to execute a deed to MDOT. The Bank executed the partial release with the understanding that it would be held in trust by MDOT until the proceeds of $143,500 would be made payable to the Bank.

The Mississippi Transportation Commission ("MTC") and the Kings did not transfer the property. Instead, on October 17, 2005 the MTC filed a Complaint in the Special Court of Eminent Domain for Tate County, Mississippi, Cause Number 2005-310LT. The Complaint named Winston and Shirley King, the Bank, the IRS, the Mississippi State Tax Commission, and other parties of interest as Defendants. The Complaint sought to condemn a 0.54 acre parcel of the King's 3.22 acre

tract.

Meanwhile, the Kings defaulted under the terms of the promissory notes secured by the Deeds of Trust on February 1, 2005 and have remained in default thereafter.

On January 4, 2006 H. Kirk Moore, Jr., as Trustee under the subject Deeds of Trust, gave notice of default under the terms of the instruments and advertised the entire subject property of approximately 3.22 acres for sale. The notice was posted and published for the time and in the manner required by law. The foreclosure sale was scheduled for February 8, 2006.

On January 23, 2006 the Special Court of Eminent Domain entered an Order granting the MTC immediate possession and title to the 0.54 acres of the subject 3.22 acre property, to be effective from and after the MTC's deposit of the eminent domain payment into the registry of the Circuit Clerk of Tate County, Mississippi.

On January 30, 2006 the MTC deposited the sum of $143,500.00 into the registry of the Court. On that date an entry was made into the General Docket – Civil Cases of the Circuit Court of Tate County, Mississippi acknowledging the receipt of the sum. The deposit was made by check payable to Winston and Shirley King, Sycamore Bank, H. Kirk Moore, Jr., the IRS, the Mississippi State Tax Commission, and the other parties of interest.

On February 8, 2006 the Tate County Circuit Clerk prepared a notice to the parties advising them of the deposit of the $143, 500.00. The notice was mailed to H. Kirk Moore, Jr. on February 9, 2006.

Also on February 8, 2006, the day before the Tate County Circuit Clerk sent out the notice of the eminent domain deposit, H. Kirk Moore, Jr. as Trustee offered the entire 3.22 acre King parcel for sale at public outcry pursuant to the Deeds of Trust. The King's debt to the Bank immediately

3

prior to the foreclosure sale was $238,147.94. The Bank, as the only bidder for the 3.22 acres, bid $200,000. The property was advertised, offered, and sold "as a whole."

After learning of the $143,500.00 deposit in the registry of the Tate County Circuit Clerk, the Bank filed an application to determine the priority of liens and to disburse funds according to that priority and for the Special Court of Eminent Domain to state that the Bank is the first lien holder and that all of the $143,500.00 deposit should be paid to the Bank, possibly subject only to taxes for personal property which might be due to Tate County, Mississippi. Tate County has now waived any claims to said funds.

Jerry G. Brewer, a Mississippi licensed appraiser, was appointed by the Tate County Special Court of Eminent Domain to submit an appraisal report to the Court for the purpose of determining the minimum amount required for deposit by the MTC under a "quick take" procedure. On May 8, 2006 at the request of the Bank, Mr. Brewer appraised the remaining 2.68 acres of the 3.22 acre King tract and determined that it had a fair market value of $17,500.00.

All parties other than the Bank, the IRS, and the Mississippi State Tax Commission have waived their claims to the $143,500.00 presently in the registry of the Tate County Circuit Clerk.

Had there been no foreclosure by the Bank, the parties stipulate, the $143,500.00 paid into the registry would have been payable in full to the Bank as senior lien holder, and the liens of the parties (after credit for the amount received by the Bank) would have remained in effect as to the remaining 2.68 acres of the 3.22 acre King tract.

The order of priority and amounts of liens of the Bank, the IRS, and the State Tax Commission on February 8, 2006 prior to the foreclosure sale, were as follows: (1) Bank – $238,147.94; (2) State Tax Commission – $2,451.46; (3) IRS – $42,834.59 (as of December 31,

2005); and (4) State Tax Commission – $87,187.50.

On July 3, 2006 the Bank filed a Complaint in the Chancery Court of Tate County, Mississippi requesting the court to find that the entire $143,500.00 be paid to the Bank and the foreclosure sale confirmed as to the remaining 2.68 acres of the 3.22 acre King tract, with the $200,000 being applied to the King's debt. Alternatively, the Bank asked that the foreclosure sale be set aside and that they be put in a pre-foreclosure position.

On August 23, 2006 the United States of America removed this action to federal court pursuant to 28 U.S.C. §§ 1441, 1442, 1444, 1446, and 2410.

In their motion for summary judgment, the United States of American, joined by the Mississippi State Tax Commission, argue that the Bank is only entitled to $38,147.94 of the $143,500.00 eminent domain proceeds because of the Bank's $200,000 bid on the King's property. That is, since the Kings owed the Bank $238,147.94, and since the Bank paid $200,000.00 for the King's property, the Bank is only entitled $38,147.04 of the eminent domain proceeds. In other words, the United States maintains that the Bank is ignoring that their $238,147.94 lien was reduced by $200,000.00 by virtue of the foreclosure sale which took place after the condemnation award was deposited.

In their cross-motion for summary judgment, the Bank argues that their $200,000.00 bid at the foreclosure sale was for the entire 3.22 acre King tract, including the 0.54 acre parcel that was condemned, as was stated in the notice of sale. The Bank urges that it never intended to pay $200,000.00 for merely the 2.68 acre remainder which is worth only $17,500.00. The Bank advances two alternatives for relief: (1) the Bank should receive the $143,500.00 eminent domain deposit as substitute collateral for the 0.54 acres taken by the State and the foreclosure sale should be confirmed

5

as to the remaining 2.68 acres; alternatively, (2) the foreclosure sale should be set aside, the parties restored to their pre-foreclosure status, and the Bank should be awarded the entire $143,500.00.

## II. DISCUSSION

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other

words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

Because this matter originated from a Mississippi Chancery Court, a court of equity, trial of this matter is limited to a non-jury bench trial. Given that the primary facts have been stipulated, the issues presented to the court are questions of law, and the parties have not demonstrated any genuine issues of material fact warranting a trial in this matter, the court concludes that summary judgment is proper.

In its capacity as a substitute court of equity, this court observes that in Mississippi "there is ... considerable authority, old and new, showing liberality in the granting of equitable relief." *Cumbest v. Harris*, 363 So.2d 294, 297 (Miss. 1978). Having considered the arguments of the parties, the court concludes that the appropriate equitable relief in this case is to set aside the February 8, 2006 foreclosure sale of the entire 3.22 acre King tract and place the parties in their pre-foreclosure position.

It is undisputed that a notice of trustee's sale which inaccurately describes the land to be sold is not sufficient and the resulting foreclosure sale if void. *Yellowly v. Beardsley*, 24 So.2d 973, 974-75 (Miss. 1899) (notice of sale under a trust deed which does not describe the land otherwise than

7

by referring to the pages of the record where the deed was recorded is insufficient, and a sale thereunder void); *Hesdorffer v. Welsh*, 90 So.3, 6 (1921) (where a trust deed incorrectly describes the land to be surveyed and the trustee advertises the land by the wrong description, the sale is void and passes no title); *Hancock v. Pyle*, 3 So.2d 851, 853 (Miss. 1941) ("the foreclosure was void because the advertisement of the sale incorrectly described" the land. "Manifestly, the objects to be accomplished by a notice of sale are to advise the public of what is to be sold ... and the essentials of a notice of sale under a trust deed are therefore a statement of the time, place, and terms of sale, and such a description of the property to be sold as, if read by persons familiar with the neighborhood, will advise them what is to be sold...."); *Griffin v. Land*, 59 So.2d 290, 293 (Miss. 1952) (pursuant to *Yellowsly* and *Hancock*, "the foreclosure sale was invalid because the lands were not properly described in the deed of trust or in the trustee's notice of sale."); *Seal v. Anderson*, 108 So.2d 864, 866-87 (Miss. 1959).

It is also undisputed that on February 8, 2006, the day before the Tate County Circuit Clerk sent out the notice of the eminent domain deposit, H. Kirk Moore, Jr. as Trustee offered the entire 3.22 acre King parcel for sale at public outcry pursuant to the Deeds of Trust. The King's debt to the Bank immediately prior to the foreclosure sale was $238,147.94. The Bank, as the only bidder for the 3.22 acres, bid $200,000. The property was advertised, offered, and sold "as a whole." Furthermore, the parties do not dispute that had there been no foreclosure by the Bank the $143,500.00 paid into the registry would have been payable in full to the Bank as senior lien holder, and the liens of the parties (after credit for the amount received by the Bank) would have remained in effect as to the remaining 2.68 acres of the 3.22 acre King tract.

On the date of the foreclosure sale, February 8, 2006, the Mississippi Transportation

8

Commission had already deposited the $143,500.00 eminent domain proceeds in the registry of the Tate County Circuit Clerk on January 30, 2006. Pursuant to the Special Court of Eminent Domain's Order of January 23, 2006, the Mississippi Transportation Commission received possession and title of the subject 0.54 acres from the 3.22 acre King tract on the date they deposited the funds. The foreclosure notice and deeds of trust indicated that the entire 3.22 acres were for sale but on the date of the sale, February 8, 2006, 0.54 acres of the 3.22 acres were already titled to the Mississippi Transportation Commission. Therefore, the foreclosure notice inaccurately described the land to be sold and the resulting foreclosure sale of the entire 3.22 acres to the Bank for $200,000 is void and passed no title.

In any event, the circumstances of this case clearly indicated that the Bank did not intend to pay $200,000.00 for the remaining 2.68 acres of the 3.22 acre King tract when that remainder was only worth $17,500.00. Clearly in bidding the $200,000.00, the Bank intended to receive title and possession of all 3.22 acres, including the 0.54 acre parcel that was the subject of the eminent domain proceeding.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the United States of America, Internal Revenue Service's Motion for Summary Judgment [42-1] should be denied while Sycamore Bank's Motion for Summary Judgment [44-1] should be granted insofar as the February 8, 2006 foreclosure sale of the subject 3.22 acre King tract is void and should be set aside. The parties should be in the same place they were before the foreclosure sale, meaning that the Bank is entitled to the entire $143,500.00, as the first lien holder, plus legal interest if any is due, paid into the registry of the Tate County Circuit Clerk for the condemnation of the subject 0.54 acres. Accordingly, a Final

Judgment shall issue forthwith,

**THIS DAY** of June 13, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE